UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |  |
|---|---|---|
| **JAMIE LEE GAMBLE,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action Number |
| | ) | **2:16-cv-08140-AKK** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Jamie Lee Gamble, a federal prisoner, seeks to have his sentence vacated, set aside, or corrected pursuant to 28 U.S.C. § 2255 in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Docs. 1, 2. For the reasons explained below, Gamble's petition is denied.

### I. STANDARD OF REVIEW

Following conviction and sentencing, 28 U.S.C. § 2255 allows a federal prisoner to file a motion in the sentencing court "to vacate, set aside or correct the sentence" on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). To obtain relief under § 2255, a petitioner must: (1) file a non-successive

petition or obtain an order from the Eleventh Circuit authorizing a district court to consider a successive § 2255 motion, 28 U.S.C. § 2255(h), § 2255 Rule 9; (2) file the motion in the court where the conviction or sentence was received, *see Partee v. Attorney Gen. of Ga.*, 451 F. App'x 856 (11th Cir. 2012); (3) file the petition within the one-year statute of limitations, 28 U.S.C. § 2255(f); (4) be "in custody" at the time of filing the petition, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); (5) state a viable claim for relief under the heightened pleading standards of § 2255 Rule 2(b), *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); and (6) swear or verify the petition pursuant to 28 U.S.C. § 1746. Finally, "[i]n deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). However, "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.*

## II. PROCEDURAL HISTORY

Gamble pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and this court entered judgment against him on October 15, 2015. *See United States v. Gamble,* No. 2:14-cr-00348, doc. 35. After considering his presentence investigation report, the court sentenced Gamble to 51

months in federal prison. *Id.* On August 4, 2016 Gamble petitioned this court for relief under 28 U.S.C. § 2255, arguing that the Court should re-sentence him in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), which declared void for vagueness the residual of the Armed Career Criminal Act ("ACCA") that defined "violent felony" to include offenses that "involve[] conduct that presents a serious potential risk of physical injury to another" comparable to "burglary, arson, or extortion" or an offense that "involves the use of explosives." Docs. 1, 2. Under *Johnson*, Gamble contends that his sentence was increased as a result the court purportedly qualifying his prior conviction of burglary in the second degree as a "crime of violence" under the ACCA's residual clause. *Id.*

### III. ANALYSIS

Seven months after Gamble filed his petition, the United States Supreme Court issued an opinion in *Beckles v. United States*, 137 S. Ct. 886 (2017), which considered whether *Johnson* applies to the Advisory Sentencing Guidelines. The Court held that the Advisory Guidelines "are not subject to a vagueness challenge under the Due Process Clause" and that "the residual clause in § 4B1.2(a)(2) therefore is not void for vagueness." *Id.* at 892. The Court explained that "[u]nlike the ACCA, . . . the Advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id.*

Like the plaintiff in *Beckles*, Gamble challenges his sentence under the Due Process clause for relying on an allegedly vague term in the Guidelines. Doc. 2 at 5. However, because Gamble was convicted of being a felon in possession of a firearm, 18 U.S.C. § 922(g), the court applied the guidelines found in U.S.S.G. §2K2.1, not the ACCA residual clause, to enhance his sentence. *See United States v. Gamble,* No. 2:14-cr-00348, doc. 33 at 6-10. In doing so, the court found that Gamble's prior conviction for second-degree burglary was considered "a crime of violence as defined at U.S.S.G § 4B1.2(a)(2)." *Id.* at 6-7. In light of *Beckles* declaring that *Johnson* does not apply to this sentencing guideline, Gamble's petition must be denied. *Beckles*, 137 S. Ct. at 892.[1]

## IV. CONCLUSION AND ORDER

In light of the foregoing, Gamble's § 2255 petition is **DENIED**, and Gamble's Motion to Hold Proceedings in Abeyance, doc. 3, Motion to Appoint Counsel, doc. 4, and Motion for Clarification, doc. 6, are **MOOT**.

**DONE** the 24th day of September, 2018.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE

---

[1] Even if Gamble's second-degree burglary charge was enhanced under the ACCA, the Eleventh Circuit has held that "[b]urglary is one of the offenses listed in the ACCA's enumerated crimes clause. 18 U.S.C. § 924(e)(2)(B)(ii)." *United States v. Turner*, 2018 WL 3359603, at *2 (11th Cir. July 10, 2018). Thus, *Johnson*'s effect on the ACCA's residual clause would still not apply to Gamble's petition.